UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JESUS GONZALEZ-QUEZADA,

        Petitioner,

v.

ELDON VAIL,

        Respondent.

Case No. C11-639-RSM-BAT

**REPORT AND RECOMMENDATION**

*Pro se* petitioner Jesus Gonzalez-Quezada, proceeding *in forma pauperis*, petitions for 28 U.S.C. § 2254 habeas relief from his jury-trial conviction for cocaine delivery. (Dkt. 11.) Mr. Gonzalez-Quezada raises five habeas grounds: **(1)** the trial court erred by denying his right to proceed *pro se* four times; **(2)** his conviction was based on false evidence; **(3)** a violation of the appearance of fairness doctrine; **(4)** conspiracy; and **(5)** the trial court denied his right to appeal and obstructed justice. The Court finds that Mr. Gonzalez-Quezada has not exhausted his state-court remedies for Claims 4 and 5, and therefore recommends **DISMISSING** the mixed habeas petition without prejudice *unless* he elects, in objections to this Report and Recommendation, to delete the unexhausted claims and to proceed only with the exhausted Claims 1–3.[1] An

---

[1] As discussed *infra*, if Mr. Gonzalez-Quezada makes such an election, the Court recommends

REPORT AND RECOMMENDATION- 1

evidentiary hearing is unnecessary.  The Court also recommends **DENYING** issuance of a certificate of appealability.

## I.   BACKGROUND

In 2006, the State charged Mr. Gonzalez in two separate cases.  *See State v. Gonzalez-Quezada*, 2010 WL 4456869, at *1 (Wash. Ct. App. Nov. 8, 2010).  King County No. 06-1-054853 involved charges for stolen property, driving under the influence, and hit and run (hereinafter "**stolen property case**").  *Id.*  Mr. Gonzalez-Quezada was permitted to proceed *pro se* in the stolen property case and was convicted as charged after a jury trial.  *See State v. Gonzalez-Quezada*, 2008 WL 2332599, at *1 (Wash. Ct. App. June 9, 2008).[2]  The case at issue in the present habeas petition, King County No. 06-1-05995-2, involved Mr. Gonzalez-Quezada selling $20 worth of cocaine to an undercover police officer (hereinafter "**drug case**").  *Gonzalez-Quezada*, 2010 WL 4456869, at *1.  Mr. Gonzalez-Quezada was represented by appointed counsel in the drug case and was convicted as charged after a jury trial in March 2007.  *Id.*; (Dkt. 20 (State Court Record, hereinafter "SCR"), Exh. 1, at 1.)

The state-court procedural history is convoluted: Mr. Gonzalez-Quezada withdrew his notice of appeal in 2007; his 2007 personal restraint petition ("PRP") was dismissed for failure to pay the filing fee; another direct appeal was stayed pending a ruling by the state supreme court on a

---

permitting respondent thirty (30) days from the date of the order adopting the Report and Recommendation to file supplemental briefing to address Claim 3 on the merits.  The supplemental response would be noted for the fourth Friday after the filing; petitioner's supplemental response would be due on the Monday before the noting date; respondent's optional reply would be due on the noting date.

[2] In 2009, Mr. Gonzalez-Quezada filed a § 2254 habeas petition in the stolen property case.  *See Gonzalez-Quezada v. Vail*, C09-168-RAJ-JPD (W.D. Wash., filed Feb. 6, 2009).  In that habeas case, the Court permitted Mr. Gonzalez-Quezada to delete unexhausted claims and to proceed with his exhausted claims.  Dkts. 20, 21, *Gonzalez-Quezada*, C09-168-RAJ-JPD.  After receiving supplemental briefing, the Court denied the fully exhausted claims on the merits and dismissed the habeas petition with prejudice.  Dkts. 26, 28, *Gonzalez-Quezada*, C09-168-RAJ-JPD.

relevant case; and in 2008 and 2010 on direct appeal he filed *pro se* statements and his counsel filed briefs. (*See* SCR, Exh. 16, at 2 (2010 State Brief on direct appeal discussing the procedural history); *see also* SCR, Exh. 6 (dismissing appeal in 2007); SCR, Exh. 9 (dismissing PRP based on lack of filing fee); SCR, Exh. 14 (counsel's 2008 brief on behalf of Mr. Gonzalez-Quezada on direct appeal); SCR, Exh. 15 (Mr. Gonzalez-Quezada's 2008 *pro se* statement on direct appeal); SCR, Exh. 16 (counsel's 2010 brief on behalf of Mr. Gonzalez-Quezada on direct appeal); SCR, Exh. 17 (Mr. Gonzalez-Quezada's 2010 *pro se* statement on direct appeal).) In November 2010, the Washington Court of Appeals rejected Mr. Gonzalez-Quezada's argument on direct appeal that the trial court has abused its discretion in denying his motion to proceed *pro se* in the drug case. *Gonzalez-Quezada*, 2010 WL 4456869, at *1. The Washington State Supreme Court denied the petitions for review filed by appellate counsel and by Mr. Gonzalez-Quezada *pro se* on March 30, 2011. (SCR, Exh. 22.) The mandate on Mr. Gonzalez-Quezada's drug case issued on April 20, 2011. (SCR, Exh. 23.)

On April 14, 2011, Mr. Gonzalez-Quezada filed his present § 2254 habeas petition along with an application to proceed *in forma pauperis*. (Dkt. 1.) The petition is now ripe for consideration.

## II. DISCUSSION

The Court finds that Mr. Gonzalez-Quezada has failed to exhaust Claims 4 and 5 as federal constitutional issues. The Court therefore recommends dismissing this matter without prejudice as a "mixed" petition so that he may return to state court to exhaust his claims and return, if necessary, to federal court with a § 2254 habeas petition containing only fully exhausted claims. If, however, Mr. Gonzalez-Quezada elects in objections to this Report and Recommendation to delete his unexhausted claims and to proceed only with the exhausted ones, the Court

REPORT AND RECOMMENDATION- 3

recommends permitting respondent thirty (30) days to file supplemental briefing on Claim 3, which respondent has not addressed on the merits.

**A. Exhaustion**

A federal court may not grant habeas relief to a state prisoner unless he has properly exhausted his remedies in state court. *See* 28 U.S.C. § 2254(b); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). To satisfy the exhaustion requirement, a petitioner must "fairly present" his claim in each appropriate state court, including the highest state court with powers of discretionary review, thereby giving those courts the opportunity to act on his claim. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995); *see Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004) (noting that "to exhaust a habeas claim, a petitioner must properly raise it on every level of direct review"). A petitioner fairly presents a federal claim only if he alerts the state court that his claim rests on the federal Constitution. *Fields v. Waddington*, 401 F.3d 1018, 1020–21 (9th Cir. 2005). In order to alert the state court, a petitioner must make reference to provisions of the federal Constitution or must cite either federal or state case law that engages in a federal constitutional analysis. *Id.* "[F]or purposes of exhaustion, a citation to a state case analyzing a federal constitutional issue serves the same purpose as a citation to a federal case analyzing such an issue." *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

Respondent concedes, and the Court agrees, that Mr. Gonzalez-Quezada exhausted Claims 1 and 2 by raising them as federal constitutional claims before the state court of appeals and the state supreme court. (Dkt. 17, at 8; SCR, Exhs. 14, 15, 20, 21.) Respondent contends, however, that Mr. Gonzalez-Quezada did not exhaust Claims 3, 4, and 5 because he did not fairly present these issues as federal constitutional claims to the state courts. The Court finds that Mr.

Gonzalez-Quezada exhausted Claim 3 but did not exhaust Claims 4 and 5.

### 1. Claim 3: Appearance of Fairness Doctrine

In Claim 3, Mr. Gonzalez-Quezada argues that the trial court violated the appearance of fairness doctrine. (Dkt. 11, at 8.) Respondent argues that although Mr. Gonzalez-Quezada raised Claim 3 as a federal constitutional issue before the state court of appeals, he failed to raise it in this manner before the state supreme court. (Dkt. 17, at 9.) The Court disagrees with respondent.

In his *pro se* statement before the Washington Supreme Court, Mr. Gonzalez-Quezada argued the following: "Under due process standards, the appearance of fairness doctrine, and canon 3(D)(1), of the code of judicial conduct, a court should disqualify itself if it has bias against a party or if its impartiality is reasonabl[y] questionable, State v. Dominguez, 81 Wn App 325, 328, 914 P2d 141 (1996)." (SCR, Exh. 21, at 8.) That argument is taken nearly verbatim from *State v. Dominguez*, the state case that Mr. Gonzalez-Quezada cites: "Due process, the appearance of fairness doctrine and Canon 3(D)(1) of the Code of Judicial Conduct (CJC) also require a judge to disqualify himself if he is biased against a party or his impartiality may reasonably be questioned. *In re Murchison*, 349 U.S. 133, 136 (1955); *State v. Madry*, 8 Wash. App. 61, 68–70 (1972)." *State v. Dominguez*, 914 P.2d 141, 144 (Wash. Ct. App. 1996). The Ninth Circuit sitting en banc has held that for exhaustion purposes a citation to a state case evaluating a federal constitutional issue serves the same purpose as a citation to a federal case analyzing such an issue. *See Peterson*, 319 F.3d at 1158. That is what occurred here: Mr. Gonzalez-Quezada cited *Dominguez* (which cites a United States Supreme Court case) to support his federal due process claim regarding judicial bias and the appearance of fairness with reference to specific, alleged incidents. *See In re Murchison*, 349 U.S. at 136 (noting that "[a]

REPORT AND RECOMMENDATION- 5

fair trial in a fair tribunal is a basic requirement of due process" and that "justice must satisfy the appearance of justice") (citation and quotation marks omitted). In fact, Mr. Gonzalez-Quezada raised his federal constitutional claim more explicitly in his petition before the Washington Supreme Court than he does in his federal habeas petition. (*Compare* SCR, Exh. 21, at 8 *with* Dkt. 11, at 8–9.)

The Court finds that Mr. Gonzalez-Quezada fully exhausted Claim 3 by fairly presenting it for review to each appropriate state court. The Court does not, however, suggest that it would be inappropriate for him to reiterate this claim and its basis under the federal constitution in future pleadings before the state courts.

**2. Claim 4: Conspiracy**

In Claim 4, Mr. Gonzalez-Quezada argues that the prosecution, the court, and his own counsel engaged in a conspiracy to violate his rights. (Dkt. 11, at 9–10.) Respondent contends that this argument was not fairly presented to the state court of appeals and to the state supreme court as a federal constitutional claim. Respondent is correct.

In his *pro se* statements about Claim 4 before the Washington Court of Appeals, Mr. Gonzalez-Quezada referred loosely to "TRASHING THE CONSTITUTION" but never differentiated between the state and federal constitutions and cited no federal cases or state cases that evaluated federal law. (*See* SCR, Exh. 15, at 31; SCR, Exh. 17, at 27.) Such vague references to the Constitution do not satisfy the exhaustion requirement. *See Gray v. Netherland*, 518 U.S. 152, 162 (1996) ("[I]t is not enough [for exhaustion purposes] to make a general appeal to a constitutional guarantee as broad as due process to present the 'substance' of such a claim to a state court"). In his *pro se* statement to the Washington Supreme Court, Mr. Gonzalez-Quezada also failed to make a fair presentation of the federal nature of Claim 4, referring entirely

REPORT AND RECOMMENDATION- 6

to state criminal law.  (SCR, Exh. 21, at 10–11.)

### 3. Claim 5: Right to Appeal and Obstruction of Justice

In Claim 5, Mr. Gonzalez-Quezada argues that the trial court violated his right to appeal and obstructed justice.  Respondent contends that this argument was not fairly presented to the state court of appeals and to the state supreme court as a federal constitutional claim.  The Court agrees.

In his *pro se* statements about Claim 5 before the Washington Court of Appeals and the Washington Supreme Court, Mr. Gonzalez-Quezada made no references to the federal constitution, federal law, or state cases that analyzed federal law.  (*See* SCR, Exh. 15, at 32–36; SCR, Exh. 17, at 28–33; SCR, Exh. 21, at 11–12.)  He did not, therefore, fairly present Claim 5 to the state courts as a federal constitutional claim.

## B.  Options for Mixed Petitions

Mr. Gonzalez-Quezada has submitted a "mixed" petition because Claims 1–3 are exhausted while Claims 4 and 5 are unexhausted for federal habeas purposes.  When faced with a mixed petition, a district court may generally exercise one of three options: **(1)** dismiss the mixed petition without prejudice to allow the petitioner to present his unexhausted claims to the state court and then return to federal court to file a new habeas petition containing all of the claims; **(2)** stay the mixed petition to allow the petitioner to present his unexhausted claims to the state court and then return to federal court for review of his perfected petition; and **(3)** allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims.  *See Rhines v. Weber*, 544 U.S. 269, 274-79 (2005).   The Court recommends dismissing the mixed petition without prejudice ***unless*** Mr. Gonzalez-Quezada elects to delete his unexhausted claims and to proceed only with his exhausted claims.

**1. Dismissal Without Prejudice**

The option that best preserves all of Mr. Gonzalez-Quezada's federal habeas claims is dismissal of the mixed petition without prejudice to returning later with his fully exhausted petition. The mandate in Mr. Gonzalez-Quezada's direct appeal issued in April 2011, which means that he has ample time before the state's one-year statute of limitations runs to return to state court to file a PRP on the presently unexhausted claims. *See* RCW 10.73.090(1). Mr. Gonzalez-Quezada has not requested a stay and abeyance, has not established good cause for failing to exhaust Claims 4 and 5, and has not shown that those claims would be successful on collateral attack in state court. *See Rhines*, 544 U.S. at 277–78 (holding that a stay should not be granted absent good cause and noting that a district court would abuse its discretion by granting a stay to exhaust meritless claims in the state courts). Furthermore, should the Court now consider only his exhausted claims, Mr. Gonzalez-Quezada would face procedural obstacles should he choose to bring a second or successive habeas petition to challenge his current conviction. *See Burton v. Stewart*, 549 U.S. 147, 154 (2007) (noting that habeas petitioners proceeding with only exhausted claims may risk subjecting later petitions that raise new claims to rigorous procedural obstacles); *Cooper v. Calderon,* 274 F.3d 1270, 1272-73 (9th Cir.2001) (per curiam) (noting that the relevant statutes greatly restrict the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications); 28 U.S.C. § 2244(b) (providing that a claim presented in a second or successive § 2254 habeas petition "shall" be dismissed unless certain substantive and procedural requirements are met).

**2. Alternative: Deletion of Unexhausted Claims**

Nevertheless, should Mr. Gonzalez-Quezada in objections to this Report and Recommendation state that he would prefer to delete his unexhausted claims and to proceed only

with his exhausted Claims 1–3, the Court recommends permitting the amended petition to be considered on the merits. The state court of appeals rejected Claim 4 (conspiracy) because Mr. Gonzalez-Quezada "has pointed to no facts suggesting impropriety." *Gonzalez-Quezada*, 2010 WL 4456869, at *6. The state court of appeals rejected Claim 5 (denial of the right to appeal and obstruction of justice) because it was rendered moot by the fact that the appellate court was considering his appeal. *Id.* The Court cannot discern how these issues would be determined differently should the state court choose to examine them with reference to the federal constitution. Should Mr. Gonzalez-Quezada abandon the unexhausted Claims 4 and 5, respondent should be directed to filing supplemental briefing on Claim 3 within thirty (30) days of the order adopting this Report and Recommendation, to be noted for the fourth Friday after filing, with Mr. Gonzalez-Quezada's supplemental response due on the Monday before the noting date and respondent's optional reply due on the noting date.

**C. Evidentiary Hearing**

"[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Such is the case here. Mr. Gonzalez-Quezada is not entitled to an evidentiary hearing because the record establishes that he has not yet exhausted Claims 4 and 5 in state court and he is not time-barred from returning to state court to do so.

**D. Certificate of Appealability**

If the district court adopts the Report and Recommendation to dismiss this matter without prejudice, it must determine whether a certificate of appealability ("COA") should issue. Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the

applicant."). A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The Court recommends that Mr. Gonzalez-Quezada not be issued a COA. No jurist of reason could disagree with this Court's decision to dismiss a mixed habeas petition or would conclude that the issues presented deserve encouragement to proceed further given that Mr. Gonzalez-Quezada may bring a new habeas petition with fully exhausted claims in the future. Mr. Gonzalez-Quezada should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

### III. CONCLUSION

The Court finds that Mr. Gonzalez-Quezada has not exhausted his state-court remedies for Claims 4–5, and therefore recommends **DISMISSING** the mixed habeas petition without prejudice *unless* he elects, in objections to this Report and Recommendation, to delete the unexhausted claims and to proceed only with the exhausted Claims 1–3. An evidentiary hearing is unnecessary. The Court also recommends **DENYING** issuance of a certificate of appealability. A proposed order accompanies this Report and Recommendation

DATED this 22nd day of November, 2011.

BRIAN A. TSUCHIDA
United States Magistrate Judge